IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| VICTOR DIAZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:15-cv-338(MTT) |
| | ) |
| BRUCE CHATMAN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

After screening the Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, United States Magistrate Judge Charles H. Weigle allowed the due process and general conditions of confinement claims against Defendants Bruce Chatman, Rodney McCloud, William Powell, Rufus Logan, Rick Jacobs, and Dwayne Williams to go forward but recommends dismissing any deliberate indifference claims based on an alleged denial of medical or dental care. (Doc. 10). The Plaintiff has not objected to the Recommendation. The Court has reviewed the Recommendation, and the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation is **ADOPTED** and made the order of this Court. Accordingly, the Plaintiff's claims based on an alleged denial of medical or dental care are **DISMISSED without prejudice**.[1]

---

[1] Because the Plaintiff's amended complaint clearly identifies his Eighth Amendment claim as "totality of confinement conditions," it does not appear that the Plaintiff is attempting to bring a deliberate medical indifference claim separate from his conditions-of-confinement claims. (Doc. 9 at 28). The Court construes his allegations about malnutrition as part of his conditions-of-confinement claims. (Doc. 9, ¶¶ 99-106). If the Plaintiff intends to bring a separate malnutrition claim against any or all defendants, he may move to amend his complaint. The complaint does not mention any specific denial of medical or

-2-

**SO ORDERED,** this 21st day of June, 2016.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

dental care that would be barred by the two-year statute of limitations.  The Court further notes that the Magistrate Judge did not address the allegations about exposure to extreme weather conditions that have been addressed in other suits with almost identical claims.  *See, e.g.*, *Rodriques v. Chatman*, No. 5:15-cv-387; *Salgado v. Chatman*, No. 5:15-cv-355.  As in those cases, the Court also construes these allegations as part of the Plaintiff's conditions-of-confinement claims rather than as a separate claim.